# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FRED CARON and CATHLEEN CARON,

    Plaintiffs,

vs.

WESTERN UNITED INSURANCE COMPANY,

    Defendant.

Case No. 2:11-cv-01348-GMN-GWF

**ORDER**

Defendant's Motion to Strike References to Doe Defendants (#4)

This matter comes before the Court on Defendant's Motion to Strike Paragraphs 4 and 5, and any Other Improper References to 'Doe' Defendants, of Plaintiff's Amended Complaint (#4), filed on August 25, 2011; Plaintiff's Opposition to Motion to Strike Paragraphs 4 and 5, and any Other Improper References to 'Doe' Defendants, in Plaintiff's Amended Complaint (#9), filed on September 8, 2011; Defendant's Joinder to the Motion to Strike (#10), filed on September 19, 2011; and Defendant's Reply in Support of Its Motion to Strike (#11), filed on September 19, 2011.

## BACKGROUND

This action arises out of claims of breach of contract, violations of Unfair Claims Practices Act, and breach of the covenant of good faith and fair dealing for the Defendant's alleged failure to make a reasonable offer of Plaintiff's underinsured motorist policy benefits. The Complaint was originally filed in the Eighth Judicial District Court of Clark County Nevada. The Complaint was served on July 20, 2011, and on August 18, 2011, the case was removed to this Court. ( *See* #1.) On August 25, 2011, Defendant filed this instant motion, requesting the Court strike paragraphs 4 and 5, and any other references to Doe Defendants contained in paragraphs 15, 17, . . .

21, and 22.  Defendant argues that these references are immaterial and impertinent to the allegations, and therefore under Federal Rules of Civil Procedure 15, all references to Doe Defendants should be stricken.

## DISCUSSION

As a general rule, the use of "John Doe" to identify a defendant is not favored in federal court.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 ( 9th Cir. 1980); *see also, Wiltsie v. California Department of Corrections*, 406 F.2d 515, 518 (9th Cir.1968).  In *Gillespie*, the plaintiff, a pro se prisoner litigant, filed a civil rights action against several U.S. Marshals, prison officials, and prison guards.  However, the complaint did not name all the defendants.  Instead, plaintiff identified the unknown defendants as "John Doe" and "filed interrogatories requesting from the named defendants the names and addresses of the [unnamed defendants]." *Id.* at 642-43. The district court denied the request for discovery and dismissed the complaint, but the Ninth Circuit reversed and held that the "district court abused its discretion in not permitting the discovery sought by the [prisoner] ... [as][i]t was very likely that the answers to the interrogatories would have disclosed the identities of the 'John Doe' defendants." *Id.* at 643.  The Court held "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642.  It is err for the district court to dismiss Doe Defendants simply because Plaintiff was not aware of Doe's identity at the time the complaint was filed.  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

Therefore, claims against Doe Defendants should be dismissed "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642.  Here, it is not clear to the Court that the identity of the Doe Defendants will not be uncovered through the discovery process.  Discovery in this matter has not even started, and therefore Plaintiffs have not had any meaningful opportunity to uncover the identity of the Doe Defendants.  Further, at this time, it does not appear that the complaint will be dismissed on other grounds.  There is no pending motion to dismiss, and it appears the complaint, at a minimum, states a claim upon which relief can be granted.  At this point, dismissal of the Doe

Defendants is premature.  Under the Ninth Circuit's holdings in *Wakefield* and *Gillespie*, Plaintiff "should be given an opportunity through discovery to identify the unknown defendants." *Gillespie*, 629 F.2d at 642.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Paragraphs 4 and 5, and any Other Improper References to 'Doe' Defendants, of Plaintiff's Amended Complaint (#4) is **denied** without prejudice to renew once Plaintiff has had sufficient opportunity to identify the individuals who should be substituted for the Doe Defendants.

DATED this 28th day of September, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge